1  Donald R. Fischbach   #053522
   Matthew T. Besmer     #269138
2  **DOWLING, AARON & KEELER, INC.**
   8080 North Palm Avenue, Third Floor
3  P.O. Box 28902
   Fresno, California 93729-8902
4  Tel: (559) 432-4500 / Fax: (559) 432-4590
   dfischbach@daklaw.com/mbesmer@daklaw.com
5

6  Attorneys for Plaintiffs, ELECTRONIC RECYCLERS INTERNATIONAL INC., and
   ELECTRONIC RECYCLERS OF AMERICA LLC
7

8

9                       UNITED STATES DISTRICT COURT

10                     EASTERN DISTRICT OF CALIFORNIA

11 | ELECTRONIC RECYCLERS              | Case No. 1:10-CV-0760-LJO-GSA
   | INTERNATIONAL INC., a Delaware    |
12 | Corporation, and ELECTRONIC       | **STIPULATION FOR PROTECTIVE
   | RECYCLERS OF AMERICA LLC, a       | ORDER; ORDER THEREON**
13 | California Limited Liability Company, |
14 |                                   |
   |         Plaintiffs,               | Action Filed:  April 29, 2010
15 |                                   | Trial Date:  None
   | v.                                |
16 |                                   |
   | DLUBAK GLASS COMPANY, INC., a     |
17 | Pennsylvania Corporation, DAVID A.|
   | DLUBAK, an individual, and DOES 1 |
18 | through 25, inclusive,            |
   |                                   |
19 |         Defendants.               |

20

21

22          Whereas Defendants and Plaintiffs (collectively the "Parties") will be required

23 to exchange, and will exchange, certain documents pursuant to the Federal Rules of Civil

24 Procedure, as well as serve interrogatories, notices of depositions and similar discovery

25 requests, the responses to which may include the disclosure of trade secrets, proprietary data

26 and/or confidential business information ("Confidential Information" as defined in paragraph 1

27 herein); and,

28 ///

STIPULATION FOR PROTECTIVE ORDER; ORDER THEREON

1  Whereas the Parties, by and through their counsel, may agree to produce such
2  information for inspection, copying and use in the present action subject to the terms and
3  conditions of this Stipulation for Protective Order and Order Thereon ("Protective Order");

4  The Parties hereby stipulate to the following protective order:

5  1.  In connection with this action, the Parties may designate any document,
6  thing, material, testimony or other information derived there from as "Confidential
7  Information" under the terms of this Protective Order.  "Confidential information" means:

a.  Financial documents of any and all types;

b.  trade secrets, proprietary data, and/or confidential business information including without limitation a formula, pattern, compilation, program, device, method, technique, or process that:

(1)  Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and

(2)  Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

By designating a document, thing, material, testimony or other information derived there from as "Confidential" under the terms of this Protective Stipulation, the Party making the designation is certifying that there is a good faith basis both in law and in fact for the designation consistent with Federal Rules of Civil Procedure.

2.  Confidential documents shall be so designated by stamping copies of the document produced to a Party with the legend "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing Party.  If only portions of a document are confidential, the confidential information may be so designated also by placing "CONFIDENTIAL" in an easily identifiable place within the document.

3.  Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition

1  or other proceeding.  Arrangements shall be made with the court reporter taking and
2  transcribing such proceeding to separately bind such portions of the transcript containing
3  information designated as confidential, and to label such portions appropriately.

4       4.   Material designated as CONFIDENTIAL under this Protective Order,
5  the information contained therein, and any summaries, copies, abstracts, or other documents
6  derived in whole or in part from material designated as confidential (hereinafter "Confidential
7  Material") shall be used only for the purpose of the prosecution, defense, or settlement of this
8  action, and for no other purpose.

9       5.   Confidential Material produced pursuant to this Protective Order may be
10 discussed or made available only to the Court, to counsel for a party (including the paralegal,
11 clerical, and secretarial staff employed by such counsel), and to the "qualified persons"
12 designated below:

13       a.   Party, or an officer, director, shareholder, or employee of a Party
14 reasonably deemed necessary by counsel for that party to aid in the prosecution, defense, or
15 settlement of this action;

16       b.   experts or consultants (together with their staff) retained by such counsel
17 to assist in the prosecution, defense, or settlement of this action;

18       c.   certified shorthand court reporter(s) engaged in this action;

19       d.   a witness at any deposition or other proceeding in this action; and

20       e.   any other person as to whom the parties in writing agree.

21       Prior to receiving any Confidential Material, each "qualified person" shall be
22 provided with a copy of this Protective Order.

23       6.   Depositions shall be taken only in the presence of qualified persons.

24       7.   The Parties may further designate certain discovery material or
25 testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL—
26 ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner
27 described in paragraphs 2 and 3 above.  Attorney's Eyes Only Material, and the information
28 contained therein, shall be disclosed only to the Court, to counsel for the Parties (including



paralegal, clerical and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5(b) through (f) above, but shall not be disclosed to a Party, or to an officer, director or employee of a Party, unless otherwise agreed or ordered.  If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this Protective Order with respect to confidentiality shall also apply.

8. Nothing herein shall impose any restrictions on a Party from disclosing its own Confidential Material as it deems appropriate, nor from using or disclosing material that is in the public domain.

9. This Protective Order shall be without prejudice to the right of the Parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court pursuant to the Federal Rules of Civil Procedure for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  This Protective Order shall not be deemed to prejudice the Parties in any way in any future application for modification of this Protective Order.

10. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this action without involving the Court unnecessarily in the process.  Nothing in this Protective Order nor the production of any information or document under the terms of this Protective Order nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of an admission or waiver by either Party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any Party or the absence thereof.

This Protective Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Within one year of after the termination of this case, counsel for the Parties shall assemble and return to each other all documents, material and deposition

///



1  transcripts designated as confidential and all copies of same, or shall certify the destruction
2  thereof.
3         SO STIPULATED.

5  Dated:   June 10, 2010              DOWLING, AARON & KEELER, INC.

7                                       By:  /s/ DONALD R. FISCHBACH
8                                            DONALD R. FISCHBACH
                                             Attorneys for Plaintiffs ELECTRONIC
                                             RECYCLERS INTERNATIONAL INC., and
9                                            ELECTRONIC RECYCLERS OF
                                             AMERICA LLC

12 Dated:   June 15, 2010              McCORMICK, BARSTOW, SHEPPARD,
                                       WAYTE & CARRUTH, LLP

15                                      By:  /S/ TIMOTHY J. BUCHANAN
                                             TIMOTHY J. BUCHANAN
                                             Attorney for Defendants
16                                           DLUBAK GLASS COMPANY, INC. and
                                             DAVID A. DLUBAK

18 IT IS SO ORDERED.

20 Dated:   June 21, 2010                   /s/GaryS.Austin
                                            Judge of the Court
21                                          United States District Court, Eastern District
                                            of California

27 12402-009\00468728.DOC.

