Donald R. Fischbach  #053522
G. Andrew Slater       #238126
**DOWLING, AARON & KEELER, INC.**
8080 North Palm Avenue, Third Floor
P.O. Box 28902
Fresno, California 93729-8902
Tel: (559) 432-4500 / Fax: (559) 432-4590
dfischbach@daklaw.com / aslater@daklaw.com

Attorneys for Plaintiffs, ELECTRONIC RECYCLERS INTERNATIONAL INC., and ELECTRONIC RECYCLERS OF AMERICA LLC, and Counterdefendant, ELECTRONIC RECYCLERS INTERNATIONAL INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELECTRONIC RECYCLERS INTERNATIONAL INC., a Delaware Corporation, and ELECTRONIC RECYCLERS OF AMERICA LLC, a California Limited Liability Company, <br><br> Plaintiffs, <br><br> v. <br><br> DLUBAK GLASS COMPANY, INC., a Pennsylvania Corporation, DAVID A. DLUBAK, an individual, and DOES 1 through 25, inclusive, <br><br> Defendants. | Case No. 1:10-CV-0760-LJO-GSA <br><br> **STIPULATION OF PARTIES AND ORDER OF COURT ON MOTIONS TO COMPEL FURTHER DISCOVERY RESPONSES** <br><br> (Documents 36, 37 & 39) <br><br><br> Date:           June 24, 2011 <br> Time:           10:00 a.m. <br> Courtroom:    10 <br> Mag. Judge:   Honorable Gary S. Austin <br><br> Trial Date:     October 31, 2011 |
| DLUBAK GLASS COMPANY, INC., a Pennsylvania Corporation, <br><br> Counterclaimant, <br><br> v. <br><br> ELECTRONIC RECYCLERS INTERNATIONAL INC., a Delaware Corporation, <br><br> Counterdefendant. | |

1    The parties to this action, by and through their counsel of record, hereby recite,

2  stipulate and agree as follows:

3    1.    The motions of Plaintiffs/Counterdefendants ELECTRONIC

4  RECYCLERS INTERNATIONAL, INC. and ELECTRONIC RECYCLERS of AMERICA,

5  LLC (hereinafter, collectively "ERI") and Defendants/Counterclaimants DLUBAK GLASS

6  COMPANY, INC. and DAVID DLUBAK (hereinafter, collectively "DGC") came on regularly

7  for hearing on June 24 2011, at 10:00 a.m. in Courtroom 10, before the Honorable Gary S.

8  Austin, United States Magistrate Judge.  Timothy J. Buchanan of McCormick Barstow LLP

9  appeared for DGC.  Donald R. Fischbach and G. Andrew Slater of Dowling, Aaron & Keeler,

10  Inc. appeared for ERI.  Principals for each party appeared in person.

11    2.    At the hearing the Court ordered further meet and confer discussions

12  between counsel and the respective principals.  Outside the Court's presence, counsel and the

13  principals reached an agreement which was placed upon the Court record and which is now

14  memorialized in this Stipulation and Order.

15    3.    The Court may enter as an Order of the Court the provisions set forth in

16  this Stipulation.

17    4.    The motions of DGC and ERI to compel further discovery responses are

18  taken off calendar upon approval of this stipulation and order by the Court, without prejudice to

19  renewed motion in the event of non-compliance with any of its particulars.

20  **AS TO ERI'S MOTION:**

21    5.    ERI's Third Request for Production of Documents:  Request No. 113.

22  DGC will hand-serve a supplemental written response and produce responsive documents,

23  verified in proper form under oath, factually and without qualification, to ERI's Request No.

24  113 which has been narrowed and will now read: "Any and all DOCUMENTS RELATED TO

25  air monitoring results performed on YOUR employees at YOUR Yuma, Arizona facility for the

26  time period of September 15, 2006 through and including May 31, 2009."  Documents

27  responsive to the request shall be hand-delivered to ERI's counsel no later than 5:00 p.m. on

28  July, 15, 2011.

6. <u>ERI's Third Request for Production of Documents:  Request No. 114.</u> DGC will hand-serve a supplemental written response and produce responsive documents, verified in proper form under oath, factually and without qualification, to Request No. 114 which has been narrowed and will now read: "Any and all DOCUMENTS RELATED TO shipments of glass from YOUR Yuma, Arizona facility to YOUR end customers for the time period of September 15, 2006 through and including May 31, 2009."  Documents responsive to the request shall be hand-delivered to ERI's counsel no later than 5:00 p.m. on July, 15, 2011. As DGC's accounting and tracking system does not provide the ability to segregate the ultimate destination of ERI's glass materials from other glass suppliers, DGC will provide monthly un-segregated reports showing total in/out (received/shipped) of glass materials and their ultimate destination.

**<u>AS TO DGC'S MOTION:</u>**

7. <u>DGC's Third Request for Production of Documents, Nos. 131 and 133.</u> In response to Nos. 131 and 133, ERI will provide DGC with a Declaration from the appropriate DGC representative, having reviewed all requisite information, stating certain information related to Alcoa's purchase of ERI stock.  Specifically, the Declaration will state: (1) the date of the transaction; (2) the percentage of stock purchased by Alcoa in relation to the total issued and outstanding shares of ERI in that class stock; (3) the price paid for said stock; (4) the type of stock purchased by Alcoa; (5) the date on which verbal discussion first commenced between ERI and Alcoa related to the transaction; and (6) the date on which written communications/documents were first exchanged between ERI and Alcoa related to the transaction.  The Declaration shall be hand-delivered to DGC's counsel no later than 5:00 p.m. on July, 15, 2011.

8. <u>DGC's Fourth Request for Production of Documents, No. 136.</u>  In response to No. 136, ERI will provide DGC with usual and customary audited financial statements for the years 2006, 2007, 2008, 2009, and 2010.  Documents shall be hand-delivered to DGC's counsel no later than 5:00 p.m. on July, 15, 2011.

/ / / /



**STIPULATION OF PARTIES AND [PROPOSED] ORDER OF COURT ON MOTIONS TO COMPEL
FURTHER DISCOVERY RESPONSES**

9.      DGC's Fourth Request for Production of Documents, No. 139.    In response to No. 139, DGC's counsel has agreed to review the recently transmitted Rebuttal Expert Report of ERI expert Andrew Smith related to valuation.  In the event DGC's counsel does not find the rebuttal report responsive to this request, the parties agree to submit, in writing, any remaining dispute related to this request to the Court for final determination. Parties waive the right to a hearing as to this request only.

10.     DGC's Second Set of Special Interrogatories, No. 38.  In response to No. 38, ERI shall identify any persons responsive to this request who have not already been identified as shareholders, or provide a definitive statement stating all shareholders and or persons to whom shares have been offered have been identified.

**AS TO ALL MOTIONS:**

11.     In the event that any party produces no further documents in response to one or more of the requests itemized above, the supplemental written response to that request shall state, unequivocally and without qualification, verified under oath, that said party has made a diligent search and inquiry for the requested documents and that no responsive documents exist.  In the event that the responsive documents once existed and no longer exist, said party shall state how, when, and why they were discarded, deleted, or destroyed.

12.     Except as expressly noted above, all further disputed discovery requests described in the parties' Joint Statement filed on June 17, 2011, are deemed withdrawn from this motion.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

**STIPULATION OF PARTIES AND [PROPOSED] ORDER OF COURT ON MOTIONS TO COMPEL FURTHER DISCOVERY RESPONSES**

13.     The parties mutually withdraw their requests for the order of costs and sanctions.

Dated:      June 30, 2011                    DOWLING, AARON & KEELER, INC.


                                            By:    /s/ G. Andrew Slater
                                            DONALD R. FISCHBACH
                                            G. ANDREW SLATER
                                            Attorneys for Plaintiffs, ELECTRONIC
                                            RECYCLERS INTERNATIONAL INC., and
                                            ELECTRONIC RECYCLERS OF
                                            AMERICA LLC, and Counterdefendant
                                            ELECTRONIC RECYCLERS
                                            INTERNATIONAL INC.

Dated:      June 30, 2011                    McCORMICK, BARSTOW, SHEPPARD,
                                            WAYTE & CARRUTH, LLP


                                            By:    /s/ Timothy J. Buchanan
                                            TIMOTHY J. BUCHANAN
                                            MANDY L. JEFFCOACH
                                            Attorneys for Defendant
                                            DLUBAK GLASS COMPANY, INC., a
                                            Pennsylvania Corporation, DAVID A.
                                            DLUBAK,


## ORDER

The Court, having reviewed the above stipulation and finding good cause to support it, hereby enters the stipulation as an ORDER OF THE COURT.  Failure to comply with this Order in any respect shall result in the imposition of sanctions in the discretion of the court including, without limitation, one or more of the sanctions listed in Rule 37(b)(2)(A) and (C) of the Federal Rules of Civil Procedure, and may be treated by the Court as a contempt of Court.


IT IS SO ORDERED.

Dated:   **June 30, 2011**                    _____**/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE



**STIPULATION OF PARTIES AND [PROPOSED] ORDER OF COURT ON MOTIONS TO COMPEL FURTHER DISCOVERY RESPONSES**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**STIPULATION OF PARTIES AND [PROPOSED] ORDER OF COURT ON MOTIONS TO COMPEL
FURTHER DISCOVERY RESPONSES**